# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALDIE BERRIOS-VELEZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 18-CV-1211-JPS
Crim. Case No. 13-CR-118-JPS

**ORDER**

    Petitioner Aldie Berrios-Velez pleaded guilty to two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and one count of brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *United States v. Aldie Berrios-Velez*, 13-CR-118-JPS (E.D. Wis.) (the "Criminal Case"), (Docket #10). On January 21, 2014, the Court sentenced him to just over sixteen years' imprisonment. *Id.*, (Docket #20). Petitioner filed an appeal but voluntarily dismissed it in May 2014. *Id.*, (Docket #29).

    Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate his Section 924(c) conviction on August 6, 2018. (Docket #1). That motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings.

Generally, the Court begins the screening process by examining the timeliness of the motion and whether the claims therein are procedurally defaulted. Indeed, Petitioner's motion appears to be both untimely and procedurally defaulted. The Court need not address those matters, however, because Petitioner's sole ground for relief is plainly meritless. Petitioner says that under the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), his Section 924(c) conviction violates his right to due process. (Docket #2). *Dimaya* addressed the criminal code's definition of a "crime of violence," located in 18 U.S.C. § 16. Section 16 has two parts. Section 16(a), known as the "elements" clause, states that a crime is a "crime of violence" if it has as an element the use of physical force. 18 U.S.C. § 16(a). Section 16(b), known as the "residual" clause, says that a crime which does not fall within Section 16(a) may nevertheless be considered a "crime of violence" if it is a felony and "by its nature, involves a substantial risk that physical force" may be used to commit the crime. *Id.* § 16(b). *Dimaya* held that Section 16(b) is unconstitutionally vague. *Dimaya*, 138 S.Ct. at 1223.

Section 924(c)(3) defines "crime of violence" for the purposes of that statute, and uses similar "elements" and "residual" clauses. 18 U.S.C. § 924(c)(3)(A) (elements clause) & (B) (residual clause). Petitioner asserts that under *Dimaya*'s logic, Section 924(c)(3)(B) must also be struck down. The problem for Petitioner is that in his case, any concern with Section 924(c)'s residual clause is academic. The Court of Appeals held just last year:

> [W]e have recently decided that Hobbs Act robbery indeed qualifies as a "crime of violence" under § 924(c) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Anglin*, [846 F.3d 954, 964

(7th Cir. 2017)] (quoting 18 U.S.C. § 924(c)(3)(A)). The Hobbs Act defines robbery in relevant part as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1). Because one cannot commit Hobbs Act robbery without using or threatening physical force, we held that Hobbs Act robbery qualifies as a predicate for a crime-of-violence conviction. *Anglin*, [846 F.3d at 965].

*United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017). Thus, "[Petitioner's] Hobbs Act robbery conviction serves as a valid predicate for his Section 924(c) conviction by way of the elements clause of Section 924(c)(3), not the residual clause." *Jones v. United States*, 17-CV-933-JPS, 2017 WL 3016819, at *2 (E.D. Wis. July 14, 2017).

Petitioner's brief in support of his motion reveals that he is well aware of the above analysis. (Docket #2 at 1–4) (discussing *Dimaya* and the clauses of Section 924(c)). The thrust of his brief is that Hobbs Act robbery should not be considered a "crime of violence" under the elements clause. *Id.* at 4–6). Whatever the merits of his arguments, they are foreclosed by *Anglin*. Petitioner says that the Court should simply "disregard" *Anglin* or find it distinguishable. *Id.* at 6. His scenario is not distinguishable and the Court cannot ignore binding precedent.

Because Petitioner is plainly not entitled to relief on the sole ground presented in his motion, the Court is compelled to deny the motion and dismiss this action with prejudice. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner

must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Petitioner's motion presented a viable ground for relief. *Dimaya* is irrelevant, and *Rivera* and *Anglin* completely foreclose his claim. As a consequence, the Court is compelled to deny a certificate of appealability as to Petitioner's motion.

Finally, the Court closes with some information about the actions that Petitioner may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id*. A party is expected to closely review all

applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 10th day of August, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge